IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL LEE BLACKMON,
      Petitioner,

                                     Case No.:  3:08cv510/RV/EMT

ROYCE A. PIPPIN,
      Respondent.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

This cause is before the court on Petitioner's Motion for Relief from Judgment or Order, filed under Rule 60(b) of the Federal Rules of Civil Procedure (doc. 51). Petitioner seeks relief from the prior order issued June 16, 2011, denying his habeas petition filed under 28 U.S.C. § 2254.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the Rule 60(b) motion should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court for Escambia County, Florida, Case Number 2004-CF-002181, with sexual battery (victim physically helpless to resist) (Count 1), burglary of a dwelling with assault or battery (Count 2), and battery (Count 3) (doc. 18, Ex. C at 1).[1] On December 2, 2004, a jury convicted Petitioner of sexual battery (a lesser included offense), burglary with a battery or an assault as charged, and battery as charged (*id.* at 11–12). The court sentenced

_____

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer to Petitioner's § 2254 petition (doc. 18) unless otherwise indicated. If a cited page has more than one page number, the court cites to the "Bates stamp" page number

Petitioner to a term of fifteen (15) years of imprisonment on Count 1, natural life on Count 2, and one (1) year of imprisonment on Count 3, all to run consecutively (*id.* at 109–116).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D05-285, raising one claim of trial court error (Ex. E).[2]  The First DCA affirmed the judgment without written opinion on October 28, 2005, with the mandate issuing November 15, 2005 (Exs. G, H).  Blackmon v. State, 913 So. 2d 600 (Fla. 1st DCA 2005) (Table).

On August 9, 2006, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in which he claimed he received ineffective assistance of counsel due to trial counsel's failure to:  (1) establish a defense for lack of probable cause to arrest or prosecute; (2) file a motion to dismiss for the prosecution's failure to timely file formal charges; (3) request a Richardson hearing[3] or file a motion to suppress evidence obtained as a result of his arrest; and (4) raise a Brady violation[4] for the state's withholding of favorable evidence (Ex. K at 20–74).  On January 2, 2007, the state circuit court issued a written decision denying relief and appended relevant portions of the trial record (*id.* at 72–118).  On January 22, 2007, Petitioner filed a "Motion for Rehearing and Notice to Palintiff [sic] of Request for Evidentiary Hearing," adding six additional claims as "other issues this court needs to address[.]" (Ex. J at 0–15).  The court denied the motion on April 13, 2007, because Petitioner did not allege new facts, law, or issues meriting further consideration (*id.* at 16–17).  The court declined to address the additional claims, because they could not be raised for the first time in a motion for rehearing (*id.*).  Petitioner appealed the decision to the First DCA, Case No. 1D07-2432 (Ex. J at 18).

On April 25, 2007, Petitioner filed a second motion for post-conviction relief in the state circuit court, raising six grounds of ineffective assistance of trial counsel (the same claims he raised in his motion for rehearing) (Ex. O at 1–17).  The court first dismissed the motion for lack of

---

[2] Petitioner claimed that the trial court committed reversible error by convicting him of and imposing sentences for sexual battery and battery, a lesser included offense (Ex. E).  He argued the acts forming the basis of the convictions were one, continuous, criminal episode, so conviction and consecutive sentencing on both offenses constituted double jeopardy, in violation of his Fifth and Fourteenth Amendment rights (*id.*).

[3] Richardson v. State, 246 So. 2d 71 (Fla.1971).

[4] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

jurisdiction, because the appeal of the denial of the first Rule 3.850 motion was pending before the First DCA, but after reviewing Petitioner's subsequent motion for rehearing, the court held in abeyance Petitioner's second motion for post-conviction relief until the First DCA concluded appellate proceedings on the first motion (*id.* at 18–19, 23–27). On October 29, 2007, the First DCA affirmed the court's denial of Petitioner's first motion for post-conviction relief without written opinion (Ex. L). Blackmon v. State, 968 So. 2d 559 (Fla. 1st DCA 2007) (Table). The mandate issued November 27, 2007 (Ex. M). The state circuit court then dismissed with prejudice Petitioner's second post-conviction motion, stating that because "Defendant could have, and should have, alleged the instant claims in his original motion for postconviction relief," the second motion was impermissibly successive (Ex. O at 28–29). The court denied Petitioner's motion for rehearing on January 9, 2008 (*id.* at 75–76). Petitioner appealed the decision to the First DCA, Case No. 1D08-0855 (*id.* at 77–78, Ex. P). The First DCA affirmed the decision without opinion on August 29, 2008, with the mandate issuing September 24, 2008 (Exs. P, Q). Blackmon v. State, 989 So. 2d 639 (Fla. 1st DCA 2008) (Table).

Petitioner initiated his federal habeas proceeding on November 10, 2008, raising ten grounds for relief (doc. 1). On April 20, 2011, Magistrate Judge Miles Davis issued a Report and Recommendation determining that three of Petitioner's claims (Grounds One, Three, and Four) were without merit, one claim (Ground Two) was abandoned, and the remaining six claims (Grounds Five through Ten) were procedurally barred (doc. 29). Blackmon v. Pippin, No. 3:08cv510/RV/MD, 2011 WL 2445977 (N.D. Fla. Apr. 20, 2011). Magistrate Judge Davis recommended that the § 2254 be denied (*id.*). On June 16, 2011, the district judge adopted the Report and Recommendation and denied the petition (doc. 34). Blackmon v. Pippin, No. 3:08cv510/RV/MD, 2011 WL 2434078 (N.D. Fla. June 16, 2011). Petitioner filed a motion for certificate of appealability in the Eleventh Circuit Court of Appeals, Case No. 11-13528 (doc. 39). The Eleventh Circuit denied the motion on November 3, 2011, because Petitioner failed to make a substantial showing of the denial of a constitutional right (doc. 49).

On November 26, 2012, Petitioner filed in the Eleventh Circuit, Case No. 12-15986, an application for leave to file a successive § 2254 petition (*see, e.g.,* Blackmon v. Crews, No.

3:13cv3/RV/EMT, Objection & Ex. A (N.D. Fla. Mar. 19, 2013)).  The Eleventh Circuit denied the application on December 14, 2012.  *See id.*

On December 31, 2012, Petitioner filed a second § 2254 petition in this court.  <u>Blackmon</u>, No. 3:13cv3/RV/EMT, Petition (N.D. Fla. Jan. 2, 2013).  The district court dismissed the petition for lack of jurisdiction, on the ground that it was an unauthorized successive petition.  *Id.*, Order (N.D. Fla. Mar. 21, 2013).  Petitioner filed a motion for certificate of appealability in the Eleventh Circuit, Case No. 13-11809.  The Eleventh Circuit denied the motion on August 13, 2013 (doc. 51, Appendix A).  *See id.*, Mandate of USCA (N.D. Fla. Aug. 13, 2013).

On October 8, 2013, Petitioner filed the instant Rule 60(b) motion (doc. 51).  He contends the order and judgment denying his § 2254 petition in the instant case (docs. 34, 36) should be re-opened to permit a merits review of Ground Nine.[5]

II.    ANALYSIS

Rule 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> >
> > **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > **(4)** the judgment is void;
> >
> > **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > **(6)** any other reason that justifies relief.

---

[5] In Ground Nine, Petitioner claimed, "Trial counsel was ineffective and committed misconduct for failing to preserve the issue of the trial court's post trial admission of evidence, and the prosecutor similarly committed misconduct when he stipulated to such evidence." (doc. 1 at 24–46; doc. 51 at 3–5).

Case No.:  3:08cv510/RV/EMT

Fed. R. Civ. P. 60(b). Rule 60(b)(6), which is the provision relied upon by Petitioner (doc. 51 at 2), requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). As recognized by the Supreme Court, "[s]uch circumstances will rarely occur in the habeas context." *Id.*

Petitioner relies upon the Supreme Court's decision in Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), to attempt to overcome the procedural bar applied to Ground Nine by the district court (doc. 51).[6] He contends that under Martinez, he can show cause for the procedural default, because he did not have counsel to represent him in the first Rule 3.850 proceeding (doc. 51 at 1–2). Petitioner contends the fact that he did not have counsel, and the Supreme Court's Martinez decision, satisfies the Rule 60(b)(6) standard and entitles him to a merits review of Ground Nine (*id.* at 2–5).

Because Petitioner's Rule 60(b) motion attacks not the substance of the federal court's resolution of Ground Nine of his § 2254 petition on the merits, but a defect in the integrity of his prior federal habeas proceeding, this court has jurisdiction to consider the motion. *See* Gonzalez, 545 U.S. at 532 n.4 (explaining that Rule 60(b) motion does not attack federal court's determination on merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"); *see also* Cook v. Ryan, 688 F.3d 598 (9th Cir. 2012) (habeas petitioner's motion for relief from judgment was not a barred second or successive habeas petition, where in his motion petitioner sought relief not from the district court's ruling on the merits of his claim that his waiver of counsel was not knowing, intelligent, and voluntary because his pretrial counsel was

---

[6] In Martinez, the Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. The Martinez Court, modifying its prior holding in Coleman v. Thompson, 501 U.S. 722 (1991)—that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default—recognized a narrow exception for ineffective assistance of counsel at initial-review collateral proceedings, deciding that ineffective assistance of counsel during the initial-collateral review stage may establish cause for a defendant's procedural default of a claim of ineffective assistance at trial. *Id.* at 1315. The Court held "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

ineffective, but from the district court's ruling that his separate claim that his counsel was ineffective for failing to investigate and prepare a mitigation plan was procedurally barred).

A change in decisional law after entry of judgment is not, of itself, an "extraordinary circumstance" under Rule 60(b)(6). *See* Gonzalez, 545 U.S. at 536–57; *see also* Diaz v. Stephens, No. 13-70029, 2013 WL 5354304, at *4–5 (5th Cir. Sept. 25, 2013); Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012) (citations omitted). In Gonzalez, the petitioner sought to reopen the judgment in his § 2254 petition on the ground that the district court's dismissal of his petition as untimely under the AEDPA's one-year statute of limitations was rendered incorrect by the Supreme Court's subsequent decision in Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The Gonzalez Court determined that Artuz's change in the interpretation of the statute of limitations was not an "extraordinary circumstance" under Rule 60(b)(6):

> Petitioner contends that Artuz's change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.

Gonzalez, 545 U.S. at 536.

As the Fifth Circuit explained in Adams v. Thaler, *supra*, when the capital habeas petitioner sought to have his imminent execution stayed while he prosecuted a Rule 60(b)(6) motion based upon Martinez:

> In his Rule 60(b)(6) motion, Adams stated that the district court relied on Coleman to conclude that Adam's ineffective assistance of trial and appellate counsel claims were procedurally defaulted and that ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default. Adams asserted that, since the district court's judgment, the Supreme Court had decided Martinez, which created an exception to Coleman's holding that ineffective assistance of state habeas counsel cannot constitute cause to excuse procedural default. Adams argues that Martinez constitutes "extraordinary circumstances" entitling him to Rule 60(b)(6) relief.

679 F.3d at 316.

The Fifth Circuit went on to conclude:

> [I]n denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of <u>Coleman</u>. The Supreme Court's later decision in <u>Martinez</u>, which creates a narrow exception to <u>Coleman</u>'s holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See* <u>Gonzalez</u>, 545 U.S. at 536, 125 S. Ct. 2641; <u>Bailey [v. Ryan Stevedoring Co.]</u>, 894 [F.2d 157,] 160 [(5th Cir. 1990)]. The <u>Martinez</u> Court's crafting of a narrow, equitable exception to <u>Coleman</u>'s holding is "hardly extraordinary." <u>Gonzalez</u>, 545 U.S. at 536, 125 S. Ct. 2641; *see also* <u>Martinez</u>, 132 S. Ct. at 1320 ("The rule of <u>Coleman</u> governs in all but the limited circumstances recognized here.").
>
> Because the <u>Martinez</u> decision is simply a change in decisional law and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," Adams's 60(b)(6) motion is without merit.

*Id.* at 320. The Fifth Circuit vacated the district court's stay of execution. *Id.* at 323. The Supreme Court, in turn, denied Adam's application for stay of execution. <u>Adams v. Thaler</u>, 132 S. Ct. 1995 (2012) (Mem).

Here, as in <u>Adams</u>, the district court correctly determined that Petitioner's Grounds Five through Ten (including Ground Nine, which is the basis of Petitioner's instant Rule 60(b) motion) were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of <u>Coleman</u>. In <u>Martinez</u>, the Supreme Court did not create a new rule of constitutional law; instead, it announced a new procedural rule by crafting of a narrow, equitable exception to <u>Coleman</u>'s holding. *See* <u>Martinez</u>, 132 S. Ct. at 1315; *see also* <u>Adams</u>, 679 F.3d at 320; <u>Howell v. Crews</u>, No. 4:04cv299/MCR, 2013 WL 672583, at *12 (N.D. Fla. Feb. 23, 2013), *aff'd*, 2013 WL 4873933 (11th Cir. Sept. 13, 2013) (unpublished); <u>Quintero v. Crews</u>, No. 4:08cv318/RH/CAS, 2013 WL 4046698, at *7 (N.D. Fla. Aug. 9, 2013) (unpublished); <u>Arthur v. Thomas</u>, No. 2:01cv0983/LSC, 2012 WL 2357919, at *6 (N.D. Ala. June 20, 2012) (unpublished). The Supreme Court's doing so is not the kind of "extraordinary circumstance" that warrants relief under Rule 60(b). *See* <u>Adams</u>, *supra*; <u>Howell</u>, *supra*.

Further, the change in the law effected by <u>Martinez</u> is all the less extraordinary in Petitioner's case because, although it is clear from the state court record that Petitioner was not represented by counsel in the first Rule 3.850 proceeding, which is the "initial-collateral review proceeding" for

purposes of <u>Martinez</u>, Petitioner does not allege, nor does the record show, he expressed to the state court a desire to be represented by counsel in the Rule 3.850 proceeding.  Florida law provides for the appointment of counsel for a petitioner seeking post-conviction relief under Rule 3.850.  *See* Fla. R. Crim. P. 3.850(f)(7) ("The court may appoint counsel to represent the defendant under this rule. The factors to be considered by the court in making this determination include:  the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims presented, the defendant's apparent level of intelligence and education, the need for an evidentiary hearing, and the need for substantial legal research.").  Petitioner could have requested the appointment of counsel during the five-month period between the filing of his Rule 3.850 motion and the state circuit court's order denying it.  He did not do so.  For all of the foregoing reasons, Petitioner failed to establish that the <u>Martinez</u> decision is an extraordinary circumstance warranting re-opening of the judgment in this case.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's Rule 60(b) motion for relief from judgment (doc. 51) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31ˢᵗ day of October 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).